356 So.2d 306 (1978)
STATE of Florida, Appellant,
v.
John DeLEO, Appellee.
STATE of Florida, Appellant,
v.
George W. JOHNSON, Appellee.
Nos. 50577, 50830.
Supreme Court of Florida.
March 9, 1978.
*307 Robert L. Shevin, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellant.
John W. Conness of Fields, Bookstein, Conness & Zack, Fort Lauderdale, for John DeLeo.
J. Leonard Fleet of Fleet & Packar, Hollywood, for George W. Johnson.
BOYD, Justice.
We have before us two direct appeals from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County. The appeals have been consolidated because both place in issue the constitutional validity of Section 839.25(1)(c), Florida Statutes.
John DeLeo and another person were indicted by the Florida Grand Jury inquiring in Broward County for Official Misconduct, outlawed by Section 839.25, Florida Statutes. The indictment charged that the two, while employees of the City of Hollywood, knowingly violated, with corrupt intent to obtain benefit for themselves, a statute relating to their office: Section 112.313(7), Florida Statutes, in that they had employment or held a contractual relationship with a business entity subject to the regulation of or doing business with the City. Such action constitutes official misconduct as defined by the statute. Section 839.25(1)(c). DeLeo moved to dismiss the indictment. After hearing DeLeo and the State Attorney on the motion, the trial court ordered that the indictment be dismissed. In the order, Section 839.25, Florida Statutes, was declared vague, indefinite, uncertain, arbitrary, and subject to capricious whim in violation of the due process and equal protection guarantees of the Florida Constitution. The state took a direct appeal to this Court. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
In a separate action George W. Johnson was indicted by the Florida Grand Jury inquiring in Broward County for official misconduct committed while he was a Commissioner of Cooper City. Just as the DeLeo indictment, the Johnson indictment charged Official Misconduct by a knowing violation of a statute relating to the office of the accused. But, in contrast to DeLeo's alleged official misconduct through conflicting employment or contractual relationships, Johnson's official misconduct was charged to have occurred when he misused his public position, contrary to Section 112.313(6), Florida Statutes. The misuse of public position was charged to have been the diversion of City property and labor of City employees to the construction of a carport, for Johnson's personal use, at his home. In keeping with the dismissal order in the DeLeo cause, the trial court, upon Johnson's motion, ordered the dismissal of the indictment against Johnson and declared Section 839.25(1)(c), Florida Statutes, vague and susceptible to arbitrary application in violation of the Constitutions of the United States and Florida. The state, again, appealed directly to this Court. We have jurisdiction of this appeal, too. Article V, Section 3(b)(1), Florida Constitution.
The pertinent part of the statute follows:
839.25 Official Misconduct. 
(1) "Official Misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
* * * * * *
(c) Knowingly violating, or causing another to violate, any statute or lawfully adopted regulation or rule relating to his office.
We declare that the statute is unconstitutional under the due process guarantees of the federal[1] and Florida[2] Constitutions because it is susceptible to arbitrary application.
*308 "Official Misconduct" under subsection (c) is keyed into the violation of any statute, rule or regulation, pertaining to the office of the accused, whether they contain criminal penalties themselves or not, and no matter how minor or trivial. And any public servant may commit such misconduct. Public servant is not defined in Chapter 839, but in Chapter 838, a related Chapter, it is defined for purposes of that Chapter as any public officer, agent or governmental employee, whether elected or appointed.[3] Theoretically, then, using this definition an appointed employee could be charged with official misconduct, a felony in the third[4] degree and punishable by up to five years in prison[5] or a fine up to $5,000,[6] for violating a minor agency rule applicable to him, which might carry no penalty of its own.
Of course, the violation must be proven to have been committed with corrupt intent. This element of the offense might prevent its arbitrary application, but it does not. All that it is necessary for intent to be corrupt is that it be "done with knowledge that the act is wrongful and with improper motive."[7] This standard is too vague to give men of common intelligence sufficient warning of what is corrupt and outlawed, therefore, by the statute.[8] The "corruption" element, as defined, does nothing to cure the statute's susceptibility to arbitrary application.
While some discretion is inherent in prosecutorial decision-making, it cannot be without bounds. The crime defined by the statute, knowing violations of any statute, rule or regulation for an improper motive, is simply too open-ended[9] to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its "catch-all" nature.
Affirmed.
ADKINS, HATCHETT and KARL, JJ., concur.
OVERTON, C.J., and ENGLAND, J., dissent.
NOTES
[1] Fourteenth Amendment to the U.S. Constitution.
[2] Art. I, § 9, Fla. Const.
[3] § 838.014(4), Fla. Stat.
[4] § 839.25(1)(c), Fla. Stat.
[5] § 775.082, Fla. Stat.
[6] § 775.083, Fla. Stat.
[7] § 839.25(2), Fla. Stat.
[8] See State v. Llopis, 257 So.2d 17 (Fla. 1971) for the test of vagueness. Recently we struck a portion of a companion statute, § 839.11, Fla. Stat., for vagueness in State v. Wershow, 343 So.2d 605 (Fla. 1977).
[9] It would be better for the Legislature to assign criminal penalties to each statute or rule or regulation whose violation is serious enough to warrant criminal prosecution, than to have a statute of such broad application.