370 So.2d 3 (1979)
Jack R. SANDSTROM, Etc., et al., Appellants,
v.
George N. LEADER et al., Appellees.
No. 53341.
Supreme Court of Florida.
March 22, 1979.
Rehearing Denied May 16, 1979.
Jim Smith, Atty. Gen. and Horace Schow, II, Asst. Atty. Gen., Tallahassee, for appellants.
Douglas L. Williams, of Orr, Nathan & Williams, Miami, for appellees.
SUNDBERG, Justice.
This is an appeal from an order of the Circuit Court for Dade County, Florida, which initially and directly passed upon the validity of section 400.17, Florida Statutes (1977). The issue presented is whether section 400.17(2)(a), which in pertinent part proscribes the solicitation, offer, or receipt of a bribe in connection with the furnishing of services to a nursing home patient, is unconstitutionally vague. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Appellees, George N. Leader, Mary Pellatier, and Greynolds Park Manor, Inc., were charged by information with receiving a bribe in connection with furnishing services to a nursing home patient in violation of *4 section 400.17(2)(a), Florida Statutes (1977).[1] Prior to commencement of criminal proceedings in the County Court for Dade County, Florida, appellees filed a petition for writ of habeas corpus in the Circuit Court for Dade County, alleging that they were being illegally restrained and deprived of their property by virtue of the unconstitutionality of section 400.17. The circuit court entered an order to show cause and, after argument, the writ of habeas corpus was made absolute. The circuit court found that (1) the language of subsections (1)(b) and (2)(a) does not provide reasonable notice of the conduct which it seeks to prohibit; and (2) there are internal contradictions between subsections (1)(b) and (2) on the one hand, and subsection (5) on the other, which also cause the act to provide insufficient notice to potential violators of its provisions. The circuit judge concluded that because of the vagueness and breadth of the statute, innocent conduct of individuals or of nursing homes could come within its ambit. Accordingly, the judge found "that Section 400.17, Florida Statutes, 1977, is ... void." For the following reasons, we conclude that the trial judge erred in finding section 400.17, Florida Statutes (1977), unconstitutional.
We must first address the proper scope of our review. It was proper for appellees to contend that other subsections of the statute, when read in conjunction with the provisions under which they were charged, produced such inconsistencies as to render the charging provisions impermissibly vague. However, these litigants did not possess the requisite standing to argue that the subsections of 400.17 under which they were not charged were void for vagueness. Fundamental constitutional principles dictate that one may not challenge those portions of an enactment which do not adversely affect his personal or property rights. Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); State v. Champe, No. 53,811 (Fla. Dec. 14, 1978); Land v. State, 77 Fla. 212, 81 So. 159 (1919). Such a personal stake in the outcome of the controversy is necessary in order "to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions[.]" Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). If we failed to abide by this limitation our Court would be relegated to being a "roving [commission] assigned to pass judgment on the validity of the [state's] laws." Broadrick v. Oklahoma, 413 U.S. at 611, 93 S.Ct. at 2915; accord, Younger v. Harris, 401 U.S. 37, 52, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
*5 Further, an attack upon section 400.17 as unconstitutionally overbroad will not lie absent an assertion that the provision proscribes constitutionally protected speech or activities. See State v. Bales, 343 So.2d 9 (Fla. 1977); cf. Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967) (right to privacy); Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964) (right to travel); Thornhill v. Alabama, 310 U.S. 88, 97, 60 S.Ct. 736, 84 L.Ed. 1093 (1940) (freedom of expression); Note, The First Amendment Overbreadth Doctrine, 83 Harv.L.Rev. 844, 858, 860 (1970).
Consequently, the scope of the circuit court's review should have been limited to a determination of whether subsection (2)(a) and the corresponding definitional provision, subsection (1)(b), are unconstitutionally vague. Although the lower court ruled upon the validity of section 400.17 as a whole, we will confine our inquiry to the boundaries dictated by the foregoing principles.
The second procedural issue concerns whether habeas corpus proceedings are a proper vehicle for the constitutional challenge of a statute. To dispose of this question we need only cite to several of a myriad of cases which have held that a writ of habeas corpus may be utilized by an accused to challenge the constitutionality of a statutory provision under which he is charged. E.g., State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966); Roberts v. Schumacher, 127 Fla. 461, 173 So. 827 (1937); Lehman v. Sawyer, 106 Fla. 396, 143 So. 310 (1932); Buchanan v. State ex rel. Hunt, 171 So.2d 186 (Fla. 3d DCA 1965).
We now come to the crux of the case before us  whether section 400.17, subsections (1)(b) and (2)(a), Florida Statutes (1977), are unconstitutionally vague. Appellees properly concede that the necessary inquiry is whether the provisions forbid the doing of an act in terms so vague that individuals of common intelligence must guess at their meaning. Brown v. State, 358 So.2d 16 (Fla. 1978); D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977); State v. Wershow, 343 So.2d 605 (Fla. 1977).
Subsection (1)(b) of section 400.17 defines a "bribe" as:
[A]ny consideration corruptly given, received, promised, solicited, or offered to any individual with intent or purpose to influence the performance of any act or omission.
Subsection (2)(a), which establishes the substantive offense, proscribes the solicitation, offer, or receipt of a "bribe" in connection with the furnishing of items or services to a nursing home patient. Appellants contend that the term "bribe" is sufficiently definite to inform potential violators of the acts within its ambit because of its definitional requirement that the consideration be colored by "corrupt" motive. Appellees contend, however, that the element of corruptness does nothing to cure the purported vagueness of the term "bribe." In support of their position, appellees rely upon our recent decision in State v. DeLeo, 356 So.2d 306 (Fla. 1978). There we held that the element of "corrupt intent" did not obviate the vagueness of section 839.25, Florida Statutes (1977), the "Official Misconduct" law. DeLeo, however, is inapposite. Our invalidation of section 839.25 was not predicated upon the fact that the term "corrupt" was vague per se but, rather, was because the enactment was so open-ended that persons could not reasonably determine what conduct was proscribed. This was so because "official misconduct" was
keyed into the violation of any statute, rule or regulation, pertaining to the office of the accused, whether they contain criminal penalties themselves or not, and no matter how minor or trivial.
356 So.2d at 308.
In addressing the requirement that the violation has occurred with "corrupt intent," this Court noted:
This element of the offense might prevent its arbitrary application, but it does not. All that . .. is necessary for intent to be corrupt is that it be "done with knowledge that the act is wrongful and with improper motive." This standard *6 is too vague to give men of common intelligence sufficient warning of what is corrupt and outlawed, therefore, by the statute. The "corruption" element, as defined, does nothing to cure the statute's susceptibility to arbitrary application.
While some discretion is inherent in prosecutorial decision-making, it cannot be without bounds. The crime defined by the statute, knowing violations of any statute, rule or regulation for an improper motive, is simply too open-ended to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its "catch-all" nature.
Id. (Footnotes omitted).
The definition of "corrupt" in DeLeo, therefore, begged the question of what acts were proscribed by section 839.25; prohibiting acts which were "`done with knowledge that the act is wrongful and with improper motive'" did nothing to inform potential violators of exactly what acts fell within the parameters of the statute. Because of its all-encompassing nature, the remainder of the statute lent equally inept assistance to those who sought to determine what conduct was prohibited.
In contrast, the statute before us is not "open-ended." Section 400.17(2)(a) delineates the proscribed conduct with sufficient specificity. Subsection (1)(b) narrowly defines the term "bribe" to include only that consideration which is corruptly intended to influence the performance of duties related to furnishing items or services to a nursing home patient. Through application of the key phrase, corrupt intent to influence the performance of these designated duties, persons of ordinary intelligence may reasonably determine what conduct is unlawful under section 400.17(2)(a). We need only look to the facts of this case to elucidate why appellees' allegations of vagueness must fail. Appellees were charged with demanding and receiving "contributions" ranging from $150 to $550 from the relatives of various patients to insure the latter's admission or retention in a nursing home. Appellees purportedly made it clear that the furnishing of these services  admission and retention of patients  was contingent upon, and therefore would be influenced by, the payment of these "contributions." This alleged conduct clearly fell within the ambit of section 400.17(2)(a). Further, there are no inconsistencies between subsections (1)(b) and (2)(a) and subsection (5) of the enactment. Subsection (5) provides for administrative sanctions against the nursing home on behalf of which illicit contributions are solicited. These sanctions are in the form of denial, suspension, or revocation of the nursing home's license. The other subsections, in contradistinction, provide criminal penalties for their violators.
Finally, appellees have presented us with an array of acts which, although arguably well intended, might be deemed punishable under section 400.17(2)(a). We are constrained by fundamental principles of appellate review to decline appellees' invitation to decide whether these hypothetical acts would fall within the proscriptions of section 400.17(2)(a). Evans v. Carroll, 104 So.2d 375 (Fla. 1958); Sarasota-Fruitville Drainage District v. Certain Lands, 80 So.2d 335 (Fla. 1955); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA 1970); 3 Fla.Jur.2d Appellate Review § 286 (1978). The fact that the general conduct to which section 400.17(2)(a) is directed is plainly within its terms is a sufficient basis for our finding that this provision is not unconstitutionally vague. That marginal cases might exist where doubts may arise as to whether there may be prosecution under subsection (2)(a) does not render the enactment unconstitutionally vague. United States Civil Service Commission v. National Association of Letter Carriers, AFL-CIO, 413 U.S. 548, 579, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); United States v. Harriss, 347 U.S. 612, 618, 74 S.Ct. 808, 98 L.Ed. 989 (1954); State v. Dye, 346 So.2d 538 (Fla. 1977).
*7 Accordingly, the order of the Circuit Court for Dade County, Florida, finding section 400.17, Florida Statutes (1977), to be unconstitutionally vague and overbroad, is quashed and this cause is reversed and remanded to that tribunal for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] The relevant portions of § 400.17, Fla. Stat. (1977), read:

Bribes, kickbacks, etc., prohibited. 
(1) As used in this section:
(a) "Kickback" means that part of the payment for items or services which is returned to the payor by the provider of such items or services with the intent or purpose to induce the payor to purchase the items or services from the provider.
(b) "Bribe" means any consideration corruptly given, received, promised, solicited, or offered to any individual with intent or purpose to influence the performance of any act or omission.
(2) Whoever furnishes items or services directly or indirectly to a nursing home patient and solicits, offers, or receives any:
(a) Kickback or bribe in connection with the furnishing of such items or services or the making or receipt of such payment; or
(b) Return of part of an amount given in payment for referring any such individual to another person for the furnishing of such items or services;
shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, or by fine not exceeding $5,000, or both.
.....
(5) The admission, maintenance, or treatment of a nursing home patient whose care is supported in whole or in part by state funds shall not be made conditional upon the receipt of any manner of contribution or donation from any person. However, this shall not be construed to prohibit the offer or receipt of contributions or donations to a nursing home which are not related to the care of a specific patient. Contributions solicited or received in violation of this subsection shall be grounds for denial, suspension, or revocation of a license for any nursing home on behalf of which such contributions were solicited.