381 So.2d 1359 (1980)
STATE of Florida, Appellant,
v.
Richard RILEY, Appellee.
No. 55472.
Supreme Court of Florida.
March 27, 1980.
*1360 Jim Smith, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
John R. Howes, Winter Haven, and John C. Wilkins, III, Bartow, for appellee.
ADKINS, Justice.
This cause is before us on direct appeal from an order of the Tenth Judicial Circuit Court directly passing on the constitutionality of a state statute. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellee, hereinafter referred to as defendant, was indicted for official misconduct in violation of section 839.25(1)(b), Florida Statutes (1977). Specifically, the state charged that defendant, a police officer, knowingly falsified certain police reports with corrupt intent to obtain a benefit for himself or to cause unlawful harm to others. Citing this Court's decision in State v. De Leo, 356 So.2d 306 (Fla. 1978), the trial court dismissed the indictment on the basis that the statute was unconstitutionally vague. In De Leo we held that section 839.25(1)(c), Florida Statutes (1977), was unconstitutionally vague and susceptible to arbitrary application. Art. I, § 9, Fla. Const.; U.S.Const. amend. XIV. The state argues that subsections (b) and (c) are severable and De Leo does not apply. We agree.
The decision in De Leo was based upon the open-ended nature of subsection (c) which proscribed conduct "keyed into the violation of any statute, rule or regulation, pertaining to the office of the accused, whether they contain criminal penalties themselves or not, and no matter how minor or trivial." 356 So.2d at 308. The subsection violated by defendant in this case is not couched in such open-ended language but specifically defines the prohibited conduct:
(b) Knowingly falsifying, or causing another to falsify, any official record or official document;
§ 839.25(1)(b), Fla. Stat. (1977).
The Court in De Leo noted that the additional element of "corrupt intent" did not vitiate the potential for arbitrary application generated by the "catch-all" nature of the subsection. The fact that the "corruption" element did not cure the statute in De Leo does not mean that its presence necessarily renders a statute void. See Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979). The prohibition in section 839.25(1), Florida Statutes (1977), is directed to public servants who act with corrupt intent. Subsection *1361 (2) defines "corrupt" as "done with knowledge that act is wrongful and with improper motives." As in De Leo this definition neither adds nor detracts to help determine the parameters of the instant subsection. Unlike De Leo, subsection (b) operates to narrow the offense of official misconduct by requiring a knowing falsification of official documents.
The conduct proscribed by section 839.25(1)(b), Florida Statutes (1977), is defined so that those with common intelligence and understanding have sufficient warning of what actions would constitute a violation. Brunelle v. State, 360 So.2d 70 (Fla. 1978); Leeman v. State, 357 So.2d 703 (Fla. 1978); State v. Wershow, 343 So.2d 605 (Fla. 1977). The elements imposed by subsection (b) also limit the danger of arbitrary application to a constitutionally acceptable degree. State v. De Leo.
The order of the trial court dismissing the indictment is reversed and the cause is remanded for further proceedings.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., dissents for reasons stated in State v. De Leo, 356 So.2d 306 (Fla. 1978).