PER CURIAM.
The single issue on this appeal is whether or not the trial court erred in denying the defendant’s motion for discharge under the Florida speedy trial rule, Fla.R.Crim.P. 3.191. We conclude that the trial court did not err and, accordingly, affirm.
The defendant was arrested on March 2, 1980. An information was filed and a plea entered on April 15,1980. The trial was set for June 2, 1980. On June 9, 1980, the State and defense filed a motion for stipulated continuance on the basis that discovery had not yet been completed. The trial court granted the motion, reset the case on the September, 1980 trial docket and tolled the speedy trial period until that time. On September 26, 1980, the State and the defense filed a memorandum of agreement to a negotiated plea, which the trial court felt It could not accept without further information. The case was reset until October 3, 1980, the speedy trial time again being tolled. Appellant has not favored the Court with a record regarding the events of October 3, 1980. We, accordingly, rely on the trial court’s recollection of those events as reflected on the motion to discharge hearing, which occurred on January 9, 1981.
At the outset, we note the first continuance in this cause reflected the parties’ agreement that the matter be continued until “the next available trial date.” The next available trial date was September 26, 1980 when, again, the parties jointly agreed to a continuance until October 3, 1980. The next record activity was an order of court, entered on December 4, 1980 (inside the speedy trial period), which set the case for trial on the January, 1981 trial docket and tolled the speedy trial rule. The court’s order was sua sponte and reflected service on both the State Attorney and counsel for the defense. At the discharge hearing, the court recessed to check its docket records and, thereafter, made the following announcement:
THE COURT: The Court has checked its record of cases called for trial on September 25th at which time it was announced that there was a negotiated plea and not necessary to go to trial at which time the case was continued until October 3rd which was plea day, it was continued to 10:30 on that day. At the appointed time and date the case was called for a negotiated plea and the Court was advised that the Defendant was withdrawing his plea, so it was not held. Obviously the trial date having been passed, the Court on December 4th entered an order formally resetting the case for trial to the month of January which is being called today.
We find remarkable similarity between the case sub judice and that of Davis v. State, 386 So.2d 1287 (Fla. 3d DCA 1980). The court’s conditional acceptance of the plea on September 25, 1980 and the defendant’s *269 withdrawal of the plea on October 3, 1980 serve to take the case outside the ambit of Fla.R.Crim.P. 3.191. State ex rel. Wilholt v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978). Following the withdrawal of the plea, all that was left to do was to set the case for trial within a reasonable time. Butter-worth In and For Broward County v. Fluellen, 389 So.2d 968 (Fla.1980).
The judgment and sentence are, accordingly, affirmed.