ERVIN, Chief Judge.
The state appeals from the trial court’s dismissal of four counts of a criminal indictment charging Jenkins, Property Appraiser for Suwannee County, with official misconduct pursuant to Section 839.-25(l)(a), Florida Statutes, for failing to assess back taxes on various parcels of property in contravention of the duty imposed by Section 193.092, Florida Statutes, and Rule 12D-8.06, Florida Administrative Code. The trial court’s action was compelled by finding that section 839.25(l)(a) is facially unconstitutional. We agree and affirm.
Section 839.25 has been subjected to constitutional scrutiny on two prior occasions. The statute as originally enacted in 1977 provided:
839.25 Official Misconduct.—
(1) “Official misconduct” means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
(a) Knowingly refraining, or causing another to refrain, from performing a duty imposed upon him by law; or
(b) Knowingly falsifying, or causing another to falsify, any official record or official document; or
(c) Knowingly violating, or causing another to violate, any statute or lawfully adopted regulation or rule relating to his office.
(2) “Corrupt” means done with knowledge that act is wrongful and with improper motives.
(3) Official misconduct under this section is a felony of the third degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.
Subsequently, the Florida Supreme Court declared subsection (l)(c) to be facially unconstitutional in that it was susceptible to arbitrary application, stating:
“Official Misconduct” under subsection (c) is keyed into the violation of any statute, rule or regulation, pertaining to the office of the accused, whether they contain criminal penalties themselves or not, and no matter how minor or trivial. And any public servant may commit such misconduct. Public servant is not defined in Chapter 839, but in Chapter 838, a related Chapter, it is defined for purposes of that Chapter as any public officer, agent or governmental employee, whether elected or appointed. Theoretically, then, using this definition an appointed employee could be charged with official misconduct, a felony in the third degree and punishable by up to five years in prison or a fine up to $5,000, for violating a minor agency rule applicable to him, which might carry no penalty of its own.
State v. DeLeo, 356 So.2d 306, 308 (Fla.1978) (footnotes omitted). The constitutionality of subsection (l)(b) was upheld in State v. Riley, 381 So.2d 1359 (Fla.1980). The court found that the language of (b) specifically defined the prohibited conduct such that “those with common intelligence and understanding have sufficient warning of what actions would constitute a violation” and that the danger of arbitrary application was limited to a constitutionally acceptable degree. Id. at 1361.
Comparison of the language of subsection (c), struck down in DeLeo, with (a) at issue here, reveals that (a) is as vague and open to arbitrary and capricious application as (c), if not more so. Subsection (a) goes beyond the limits of (c) to provide for imposition of criminal sanctions for failure to perform duties which need not be related to the office of the accused. Furthermore, the duties addressed in (a) may be those imposed by any source of law, not merely the statutes and rules of (e), found to be overly broad in DeLeo. The vulnerability of such a statute to arbitrary application was noted as follows by the DeLeo court in reference to subsection (c):
*81 The crime defined by the statute, ..., is simply too open-ended to limit prosecuto-rial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its “catchall” nature.
Id. at 308 (footnotes omitted).
Accordingly, we affirm the trial court’s ruling dismissing the counts charging violation of section 839.25(l)(a), having found that statute to be unconstitutional under the due process guarantees of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution.
BOOTH and WENTWORTH, JJ., concur.