461 So.2d 1033 (1985)
Danny Paul MOOSBRUGGER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-740.
District Court of Appeal of Florida, Second District.
January 11, 1985.
*1034 Jesse J. Bennett, Jr., Bennett & Bennett, P.A., Winter Haven, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
The state filed an information charging appellant:
[T]hen and there being a public servant, to-wit, a deputy sheriff with corrupt intent to obtain a benefit for himself knowingly did refrain from performing a duty imposed upon the said DANNY PAUL MOOSBRUGGER by law, to-wit, in that he did fail to turn in a stolen two-way radio into the Polk County Sheriffs Department evidence room and fill out a report regarding the recovery of the radio and failed in any way to report the recovery of said stolen two-way radio to any law enforcement agency once he was informed the radio was stolen, in violation of Section 839.25, Florida Statutes.
The appellant was found guilty and placed on probation.
Appellant now contends that section 839.25(1)(a), Florida Statutes (1983), the statute under which he was convicted, is unconstitutional. This statute reads as follows:
(1) "Official misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
(a) Knowingly refraining, or causing another to refrain, from performing a duty imposed upon him by law; or... .
While this point was not argued in the trial court, the facial validity of a statute may be raised for the first time on appeal. Trushin v. State, 425 So.2d 1126 (Fla. 1983).
In State v. Jenkins, 454 So.2d 79 (Fla. 1st DCA 1984), our sister court recently held this very statute unconstitutional. In that case, the state sought to prosecute a property appraiser for failing to assess back taxes on certain property. The court reasoned that the language of subsection (a) was at least as vague and open to arbitrary and capricious application as subsection (c) of the 1977 statute which was struck down by the supreme court in State v. DeLeo, 356 So.2d 306 (Fla. 1978). We agree. There is simply no way of determining which of the myriad of public servants' duties are "imposed ... by law." The words of DeLeo in referring to subsection (c) are equally applicable to subsection (a).
"The crime defined by the statute, ..., is simply too open-ended to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to *1035 prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its `catch-all' nature."
454 So.2d at 81.
We reverse the judgment of conviction and declare section 839.25(1)(a) to be unconstitutional.
SCHEB and SCHOONOVER, JJ., concur.