467 So.2d 731 (1985)
The STATE of Florida, Appellant,
v.
Patricia ROSENFELD, Appellee.
No. 84-555.
District Court of Appeal of Florida, Third District.
March 26, 1985.
Rehearing Denied May 6, 1985.
*732 Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, Harold Mendelow, Sp. Asst. Public Defender, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Patricia Rosenfeld was arrested on May 24, 1983, for the crimes of official misconduct, in violation of section 839.25(1)(a), Florida Statutes (1981),[1] and perjury, in violation of section 837.02, Florida Statutes (1981). In early and mid-June 1983, the parties negotiated a plea under which the state agreed to accept a guilty plea to a one-count information charging misconduct. It was understood that if the plea was not accepted, the state would file both the misconduct and perjury charges.
On June 23, 1983, the state filed the one-count information charging official misconduct. On September 22, 1983, Rosenfeld pled guilty to the charge and a presentence investigation was ordered. The defendant, on October 25, 1983, filed a motion to withdraw the plea. That motion was granted on December 14, 1983, more than 180 days after Rosenfeld's arrest. On January 20, 1984, Rosenfeld filed a motion to dismiss the official misconduct charge on the ground that section 839.25(1)(a) is unconstitutionally vague. The state responded by filing a new information charging both official misconduct and perjury. Rosenfeld replied with a second motion to dismiss the misconduct charge and with a motion to discharge on the perjury count on the ground that the speedy trial period had run. The trial court granted both motions. The state has appealed those rulings. We affirm in part and reverse in part.
The trial court dismissed the official misconduct count on a finding that section 839.25(1)(a) is unconstitutionally vague. We affirm the trial court's finding and align ourselves with our sister court in State v. Jenkins, 454 So.2d 79 (Fla. 1st DCA 1984), in holding that section 839.25(1)(a) is so vague as to violate the fourteenth amendment to the United States Constitution and article I, section 9 of the Florida Constitution.
The trial court discharged Rosenfeld on the perjury count finding that she was deprived of her right to a speedy trial under Florida Rule of Criminal Procedure 3.191(a)(1). We disagree and reverse. Once the motion to withdraw the plea was granted, the case was outside the ambit of rule 3.191 and all that was left to do was set the case for trial within a reasonable *733 time. Wehrle v. State, 414 So.2d 267 (Fla. 3d DCA 1982); Davis v. State, 386 So.2d 1287 (Fla. 3d DCA 1980). The failure to file the perjury count was clearly a feature of the negotiated plea. The defendant cannot defeat the state's opportunity to charge her by negotiating a plea and then obtaining a favorable ruling, after the speedy trial time has passed, on a motion to withdraw the plea which is filed shortly before the speedy trial time has run.
Affirmed in part, reversed in part and remanded.
NOTES
[1] 839.25 Official misconduct. 

(1) "Official misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
(a) Knowingly refraining, or causing another to refrain, from performing a duty imposed upon him by law ...