469 So.2d 733 (1985)
STATE of Florida, Appellant,
v.
Perry Lamar JENKINS, Appellee.
No. 65810.
Supreme Court of Florida.
April 4, 1985.
Rehearing Denied June 17, 1985.
Jim Smith, Atty. Gen. and Wallace E. Allbritton and Michael J. O'Bringer, Asst. Attys. Gen., Tallahassee, for appellant.
*734 William H. Davis of Wadsworth and Davis, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on direct appeal of a decision of the First District Court of Appeal reported as State v. Jenkins, 454 So.2d 79 (Fla. 1st DCA 1984), in which the district court affirmed the trial court's dismissal of four counts of a 31-count criminal indictment. The counts dismissed charged appellant, the property appraiser for Suwannee County, with official misconduct under section 839.25(1)(a), Florida Statutes (1983). The district court held that subsection (a) was unconstitutional because it was vague and subject to arbitrary and capricious application. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we affirm the district court of appeal.
The statute in question reads, in part, as follows:
839.25 Official misconduct. 
(1) "Official misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another;
(a) Knowingly refraining, or causing another to refrain from performing a duty imposed upon him by law... .
The district court, in finding subsection (a) to be unconstitutional, relied upon our decision in State v. DeLeo, 356 So.2d 306 (Fla. 1978), in which we struck down section 839.25(1)(c), Florida Statutes (1977), as unconstitutional on the ground that it was susceptible to the same type of arbitrary application. That subsection defined official misconduct as "[k]nowingly violating, or causing another to violate, any statute or lawfully adopted regulation or rule relating to his office." In striking subsection (c), this Court stated:
"Official Misconduct" under subsection (c) is keyed into the violation of any statute, rule or regulation, pertaining to the office of the accused, whether they contain criminal penalties themselves or not, and no matter how minor or trivial.
356 So.2d at 308. We concluded by finding:
The crime defined by the statute, knowing violations of any statute, rule or regulation for an improper motive, is simply too open-ended to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its "catch-all" nature.
Id. (footnote omitted).
The district court in the instant case, as well as the Second District Court of Appeal in Moosbrugger v. State, 461 So.2d 1033 (Fla. 2d DCA 1985), concluded that there is no meaningful distinction between the language of subsection (a) and that of former subsection (c). We agree that subsection (a) suffers the same vulnerability to arbitrary application and find that it impermissibly allows the imposition of criminal sanctions for the failure to perform duties imposed by statutes, rules, or regulations that may themselves impose either a lesser penalty or no penalty at all. We note that agency rules and regulations, duly promulgated under the authority of law, have the effect of law, Florida Livestock Board v. Gladden, 76 So.2d 291 (Fla. 1954), and, therefore, violation of any agency rule or regulation could be grounds for the imposition of criminal sanctions under subsection (a). We conclude that subsection (a), as it is presently written, is unconstitutionally vague and susceptible to arbitrary application. Accordingly, we affirm the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs specially with an opinion.
ALDERMAN and McDONALD, JJ., dissent.
*735 OVERTON, Justice, concurring specially.
I dissented in this Court's decision in State v. DeLeo, 356 So.2d 306 (Fla. 1978), because I believed that section 835.25(1)(c), Florida Statutes (1977), could have been restrictively construed to avoid its arbitrary application. I now concur in the majority opinion because I find that this result is mandated by this Court's decision in DeLeo. I am unable to discern any relevant distinction between the language of section 829.25(1)(a), Florida Statutes (1983), and the language of section 839.25(1)(c), Florida Statutes (1977), which was struck down by this Court in DeLeo.
I strongly suggest, however, that the legislature revisit this statute and re-enact these provisions, limiting their application to identifiable public officials and to the statutorily- or constitutionally-defined duties of the particular offices.