PER CURIAM.
The appellant, Richard E. Leon, a former Hillsborough County circuit court judge, was indicted on two counts of perjury, official misconduct in office, bribery and the receipt of unlawful compensation. The jury found Leon not guilty of the alleged crimes of bribery and the acceptance of unlawful compensation. It found him guilty, however, on each of the perjury counts and the single count of misconduct in office. The trial court adjudicated Leon guilty, and placed him on probation on each count for a five year concurrent term with two special conditions, i.e., that $5,000.00 in court costs be paid within one (1) year and that he perform 1000 hours of community service with the Department of Health and Rehabilitative Services at the rate of not less than twenty-five (25) hours per week, commencing on December 19, 1983.
The appellant’s attack upon his conviction is composed of six points. After consideration of the record, the briefs and hearing oral arguments in this matter, we find five of Leon’s points on appeal merit-less and affirm the convictions and sentences with but one exception. Section 839.25(l)(a), Florida Statutes, the statutory predicate undergirding Leon’s “official misconduct” conviction, was found unconstitutional by our supreme court during the pendency of this matter before us. In State v. Jenkins, 469 So.2d 733 (Fla.1985), reh’g denied, June 17, 1985, the supreme court determined that section 839.25(l)(a) is “unconstitutionally vague and susceptible to arbitrary application.” Accordingly, consistent with the result in Jenkins, we set aside the conviction and vacate the sentence on Count III.
LEHAN, A.C.J., and FRANK and HALL, JJ., concur.