483 So.2d 10 (1985)
STATE of Florida, Appellant,
v.
John M. SHORT, Appellee.
No. 85-382.
District Court of Appeal of Florida, Second District.
October 25, 1985.
Rehearing Denied November 20, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Frank J. Migliore, Jr., Asst. Atty. Gen., Tampa, for appellant.
*11 Anthony S. Battaglia, Stephen J. Wein, and Kelli Hanley Crabb of Battaglia, Ross, Hastings, Dicus & Andrews, St. Petersburg, for appellee.
DANAHY, Judge.
The trial court dismissed the indictment filed against John M. Short after finding that section 839.25(1)(b), Florida Statutes (1983), the only remaining section of the "official misconduct" statute, is unconstitutional. We disagree and, therefore, order that the indictment be reinstated.
The state filed a two-count indictment charging that:
JOHN M. SHORT, a public servant, to-wit: a duly elected Sheriff of Pasco County, Florida, did knowingly falsify or cause another to falsify an official record or official document, to-wit: a letter from the Pasco County Sheriff's Office to Smith & Wesson Armorer's School in Springfield, Massachusetts, falsely indicating that Richard L. Terry was a member of the Pasco County Sheriff's Office, with the corrupt intent to obtain a benefit for JOHN M. SHORT, to-wit: pecuniary and/or other benefits from JOHN T. MOORMAN; contrary to Chapter 839.25, Florida Statutes... .
... JOHN M. SHORT, a public servant, to-wit: a duly elected Sheriff of Pasco County, Florida, did knowingly falsify or cause another to falsify an official record or official document, to-wit: a Pasco County Sheriff's Department Employee Action Form dated October 30, 1980, with the corrupt intent to obtain a benefit for JOHN M. SHORT, to-wit: pecuniary and/or other benefits from JOHN T. MOORMAN; contrary to Chapter 839.25, Florida Statutes... .
Short moved to dismiss the indictment and argued that section 839.25(1)(b) failed to define "public servant," "official record," and "official document," thereby failing to apprise him of proscribed conduct and denying him his due process rights under the United States and Florida Constitutions. Agreeing with Short, the trial court found section 839.25(1)(b) unconstitutionally vague and overbroad on its face for failure to: (1) define "public servant," "official record," and "official document"; and (2) require that the falsified record(s) or document(s) relate to the public servant's office. The trial court then entered its order dismissing the indictment.
As we begin our discussion, we are mindful that there is a presumption of constitutionality inherent in any statutory analysis. Bunnell v. State, 453 So.2d 808 (Fla. 1984); Gardner v. Johnson, 451 So.2d 477 (Fla. 1984); Trushin v. State, 425 So.2d 1126 (Fla. 1982); State v. Perkins, 436 So.2d 150 (Fla. 2d DCA), petition for review denied, 436 So.2d 100 (Fla. 1983). We are also mindful that, although lawyers and courts frequently interchange the terms "vague" and "overbroad," the doctrines of vagueness and overbreadth are separate and distinct. Southeastern Fisheries Association v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984).
The statute before us, section 839.25(1), Florida Statutes (1983), reads as follows:
839.25 Official misconduct. 
(1) "Official misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
... .
(b) Knowingly falsifying, or causing another to falsify, any official record or official document.
Subsection (b) is one of three subsections which were originally included in section 839.25(1), Florida Statutes (1975).[1] Our supreme *12 court has previously found constitutional infirmities in subsections (a) and (c). State v. Jenkins, 469 So.2d 733 (Fla. 1985); State v. DeLeo, 356 So.2d 306 (Fla. 1978). Accord Leon v. State, 474 So.2d 832 (Fla. 2d DCA 1985), clarified on rehearing, (Aug. 30, 1985); Moosbrugger v. State, 461 So.2d 1033 (Fla. 2d DCA), approved, 472 So.2d 742 (Fla. 1985). In light of these precedents, Short urges that, because of its "catch-all" language, subsection (b) is likewise unconstitutionally vague and susceptible to the same arbitrary application. We disagree.
Short's first attack on the vagueness of the statute rests on its failure to define the term "public servant." While public servant is not defined in chapter 839, Florida Statutes (1983), it is defined in chapter 838, Florida Statutes (1983). See § 838.014(4), Fla. Stat. (1983). Our supreme court has said that chapter 838 is related to chapter 839. DeLeo. Further, our examination of the legislative history of section 839.25 discloses that this section was originally enacted as section 838.031. Ch. 74-383, § 62, Laws of Fla. However, this section was transferred from chapter 838 to chapter 839 by the reviser in the course of statutory revision in 1975. Hence, when section 838.031 was enacted, the legislature intended that the definition of public servant specifically provided in chapter 838.014(4) would apply to that section. We do not believe that the mechanical transfer of section 838.031 to section 839.25 disturbed that intent. For these reasons we conclude that this court may look to chapter 838 to supply the necessary definition of public servant in chapter 839.25(1). A common understanding of the powers and duties of sheriff also leads to the conclusion that the office holder is a public servant.
Short's other vagueness objections concern the lack of definition of the terms "official document" and "official record." These objections were addressed and answered adversely to him by our supreme court in State v. Riley, 381 So.2d 1359 (Fla. 1980). In Riley, the state charged that the defendant, a police officer, knowingly falsified certain police reports in violation of section 839.25(1)(b), Florida Statutes (1977). The supreme court, in upholding the constitutionality of subsection (b), stated:
The subsection ... is not couched in such open-ended language but specifically defines the prohibited conduct:
(b) Knowingly falsifying, or causing another to falsify, any official record or official document;
... .
The conduct proscribed by section 839.25(1)(b), Florida Statutes (1977), is defined so that those with common intelligence and understanding have sufficient warning of what actions would constitute a violation. [Citations omitted.] The elements imposed by subsection (b) also limit the danger of arbitrary application to a constitutionally acceptable degree. State v. DeLeo.

Riley at 1360-61. Adhering to the rationale and holding in Riley, we find that section 839.25(1)(b) conveys a sufficiently definite notice of what conduct is proscribed, and therefore is not impermissibly vague. See Trushin: State v. Ashcraft, 378 So.2d 284 (Fla. 1979). No person of common intelligence needs to guess that the terms "official record" and "official document" would include letters written on office stationery and printed office forms used in the regular course of the public's business.
Finally, we find no merit in Short's argument that section 839.25(1)(b) is unconstitutional because it is overbroad. That argument refers to a constitutional challenge to a statute on the ground that the statute "achieves its governmental purpose to control or prevent activities properly subject to regulation by means that sweep too broadly into an area of constitutionally *13 protected freedom." State v. Gray, 435 So.2d 816, 819 (Fla. 1983). Indeed, "the overbreadth doctrine applies only if the [statute] `is susceptible of application to conduct protected by the First Amendment.'" Southeastern Fisheries at 1353 (quoting Carricarte v. State, 384 So.2d 1261, 1262 (Fla.), cert. denied, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980). Falsification of official records or documents is not an activity protected by the First Amendment. Short's overbreadth argument is inappropriate since the statute does not impinge on the exercise of his due process rights, nor any other constitutionally protected liberty. Under such circumstances where there is no interference with First Amendment liberties, courts cannot declare conduct innocent when the legislature has declared otherwise. Gray.
Accordingly, following Riley, we hold that section 839.25(1)(b), Florida Statutes (1983), is constitutional. Accord Harnum v. State, 384 So.2d 1320 (Fla. 2d DCA 1980); State v. Jenkins, 454 So.2d 79 (Fla. 1st DCA 1984), aff'd on other grounds, 469 So.2d 733 (Fla. 1985). The order of the trial court is reversed and the cause is remanded for reinstatement of the indictment and further proceedings.
RYDER, C.J., and FRANK, J., concur.
NOTES
[1] § 839.25(1), Fla. Stat. (1975), provided:

839.25 Official misconduct. 
(1) "Official misconduct" means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another:
(a) Knowingly refraining, or causing another to refrain, from performing a duty imposed upon him by law; or
(b) Knowingly falsifying, or causing another to falsify, any official record or official document; or
(c) Knowingly violating, or causing another to violate, any statute or lawfully adopted regulation or rule relating to his office.