## STATE OF FLORIDA v PLAUT
### Case No. 42599-BP
County Court, Volusia County

March 30, 1987

### APPEARANCES OF COUNSEL

Plaintiff not represented by counsel [civil infraction].

**Tanya M. Plaut,** pro se.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

County Courts are vested with [subject matter] jurisdiction to hear and adjudicate traffic infraction cases. s.34.01(c) *Fla. Stat.* (1985). See also *Nettleton v. Doughtie*, 373 So.2d 667 (Fla. 1979).

Fla. R. Traf. Ct. 6.320 authorizes prosecution of traffic infractions by uniform traffic citation. See *Hurley v. State*, 322 So.2d 506 (Fla. 1975). The filing of a uniform traffic citation with the county court or with its traffic violations bureau gives the Court personal jurisdiction as would the filing of an information or indictment in a criminal case. See *United States v. Winter*, 509 F.2d 975 (5th Cir. 1975). The issue herein

is whether the 5 day after issuance filing provision of s. 316.650(3) *Fla. Stat.2rf (1986 Supp.) is jurisdictional.*

The issue arises due to Florida Highway Patrol Trooper C. R. Ellis issuing a Uniform Traffic Citation 42599-BP to defendant herein for unlawful speed on November 10, 1986. Said citation was filed in the clerk's office on November 19, 1986. The defendant on or about January 22, 1987 filed a Motion to Dismiss based on a violation of s. 316.650(3). Said motion would, if granted, be dispositive of the case.

Section 316.650(3) *Fla. Stat.* (1986 Supp.) provides:

Every traffic enforcement officer, upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town, shall deposit the original and one copy of such traffic citation with a court having jurisdiction over the alleged offense or with its traffic violations bureau *within 5 days after issuance to the violator.* [Emphasis added.]

Subsection (3) was amended by Ch. 80-316 Laws of Fla. (House Bill No. 1547 (HB 1547)) to add the underlined portion above.

The intent of subsection (3) must be gleaned from its legislative history as there is no case law or other authoritative sources of interpretation. The title to House Bill No. 1547 with regard to s. 316.650 *Fla. Stat.* provides:

. . . ; amending s. 316,650, Florida Statutes; providing requirements with respect to the form of uniform traffic citations, accountability therefor, and distribution of copies thereof; . . .

House Bill No. 1547 began in the House Transportation Committee as proposed committee bill number 8, (PCB #8). The April 9 and April 16, 1980 minutes of The House Committee on Transportation lists PCB #8 as "Accountability of the Uniform Traffic Ticket" and "Uniform Traffic Ticket—Accountability & Use", respectively. The House Transportation Committee Bill Summary of PCB #8 dated April 7, 1980 provides:

*SUMMARY:*

This bill creates joint responsibility for the accountability of traffic citations among courts, enforcement agencies, and the department. Transmittal of complaint and abstract copies to the appropriate court by the enforcement officer would be required within five days after issuance to the violator. "The Chief Administrative Officer" of any enforcement agency is defined, and the procedures would be expanded to require that he transmit the department's record copy

(blue) of the citation to the department within ten days of the issuance to the violator in accordance with rules and procedures promulgated by the department. Current law is very specific about the department assigning and distributing citations to some 515 law enforcement agencies in the state. Section 316.650, F.S., requires each of these agencies to return a copy of every citation issued to the department on or before the first of the month. It further requires every clerk of the court throughout the state to forward the "final judicial disposition" of each traffic case to the department within 10 days of such disposition.

*COMMENTS:*

The department has been criticized for the last three fiscal years by the Auditor General of the methods used to account for Uniform Traffic Citations. Additionally, the courts have encountered several problems in the processing of the form on a uniform and timely basis. Among these are: (1) Prompt payment of the penalty at court has sometimes preceded receipt by the court of its' copies of the citation by lengthly (sic) periods of time, thus holding up disposition of the case and the subsequent updating of driver records. (2) A significant number of department record copies of citations transmitted by enforcement agencies have not been matched up with a conviction because no "audit trail" exists for tracking where the error or delay occurred. (3) The public, law enforcement, courts, insurance companies, etc., have not always received the most updated driving records on individuals due to the slow processing of citations. The Uniform Traffic Citation Program presently accounts for about $50,000,000 or more annually which goes to the fine and forfeiture funds of the counties and to local municipalities.

Identical language is also found in the House Transportation Committee Bill Summary of PCB #8 dated April 11, 1980.

HB 1547 was introduced and placed on the calendar in the House of Representatives on April 21, 1980 and placed on the special order calendar on May 5, 1980. The bill was read a second time on May 20, 1980. A tape of the second reading reveals the following by Representative Foster:

Thank you Mr. Speaker. Ladies and gentlemen right now there is just one Chief Administrative Officer and this bill provides that each law enforcement agency will have or his designee will be a Chief Administrative Officer in order to keep *an audit trail or create an audit trail for the Uniform Traffic Citation*. That's basically what the bill does. [Emphasis added.]

**23**

The bill rolled over and was read a third time on May 21, 1980. A tape of the third reading revealed the following, again by Representative Foster:

*This is a bill that just creates audit trail for uniform traffic tickets and I would move it sir. [Emphasis added.]*

The bill passed 110 to 0.

HB 1547 was received by the Senate and referred to the Senate Committee on Transportation on May 26, 1980. The Senate Staff Analysis and Economic Impact Statement dated May 1, 1980 (updated May 5, 1980 and June 11, 1980) contains the following with regard to HB 1547:

The bill would create joint responsibility for accountability of traffic citations by courts, enforcement agencies, and the department.

Transmittal of the citation to the appropriate court by the enforcement officer would be required within 5 days after issuance to the violator. The "chief administrative officer" of an enforcement agency would be defined, and the procedures would require that he transmit the department's record copy of the citation to the department within 5 days after submission of the citation to the court. He would also be required to provide the court with notice of transmittal to the department.

A tape of the Senate Committee on Transportation's consideration of HB 1547 contains the following:

Accountability of traffic citation [unintelligible]. Responsibility for proper processing of the Uniform Traffic Citation responsibility of the law enforcement agency [unintelligible] and the department so they can reconcile various copies of the citation.

HB 1547 passed the Senate Committee on Transportation unanimously without objection. On June 3, 1980 the Bill was withdrawn from the Senate Committee on Transportation and placed on the Senate calendar. HB 1547 was placed on the special order calendar on June 6, 1980, read a second and third time by title, and passed unanimously. HB 1547 was approved by the Governor on July 2, 1980 and labeled Chapter No. 80-316, *supra.*

It is clear based on the above and foregoing legislative history that the time requirement of s. 316.650(3) is a procedural accountability provision that *may* have a civil monetary penalty attached. Section 316.650(2) contains a general accountability provision for all uniform traffic citations. Sections (3)-(7) detail specific accountability procedures.

24

Section 316.650(8) *Fla. Stat.* (1985) does not by its terms designate or define the unlawful disposal of traffic citations or copies thereof as a criminal offense, nor does it expressly provide any criminal penalties for violation thereof. Section 839.25 *Fla. Stat.* (1985) (Official misconduct) (Note that s. 839.25(1)(a) *Fla. Stat.* (1985) is unconstitutional. *State v. Rosenfeld*, 467 So.2d 731 (Fla. 3d DCA 1985), *Moosebrugger v. State*, 461 So.2d 1033 (Fla. 2d DCA 1985), and *State v. Jenkins*, 454 So.2d 79 (Fla. 1st DCA 1984)) and s. 839.13 *Fla. Stat.* (1985) (Falsifying records) in conjunction with s. 316.650 *Fla. Stat.* (1985) provides criminal sanctions on a case-by-case basis (s. 839.24 Fla. Stat. (1985) is inapplicable by definition). Section s. 839.25(1)(b) and s. 839.13 are not applicable herein as there was no falsification of official records. There are no criminal sanctions for violating s. 316.650(8). The violation of s. 316.650(8) is at most a noncriminal violation or infraction. A.G.O. 078-139.

Mandatory language in statutes has in a number of cases been construed as directory, dependent upon the history and subject matter of the particular provision, and as a general rule statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends. *Schneider v. Gustafson Industries, Inc.*, 139 So.2d 423 (Fla. 1962) *Wilson v. School Board of Marion County*, 424 So.2d 16 (Fla. 5th DCA 1982) and *State ex rel. Negron v. Court of Record, Broward Cty.*, 286 So.2d 582 (Fla. 4th DCA 1973). Thee is no specific provision in s. 316.650 *Fla. Stat.* (1986 Supp.) restraining the depositing of the traffic citation after five days.

An information or indictment by analogy, only has to be filed within the statute of limitations. The failure to file an information or indictment within a shorter time period is not jurisdictional. The defendant only becomes entitled to an adversarial preliminary hearing if an information or indictment is not filed within 21 days from the date of arrest or service of a capias. Dismissal for failure to file within the 21 days period is clearly inappropriate.

Fla.R.Traff. Ct. 6.320 provides:

All citations for traffic infractions shall be by uniform traffic citation as provided in section 316.650, Florida Statutes, or other applicable statutes *or by affidavit.* If the complaint is made by affidavit a uniform traffic citation shall be prepared by the clerk and submitted to the department. [Emphasis added.]

Thus, a civil traffic infraction can be charged by affidavit. There is

no requirement by rule or statute that a civil infraction charged by affidavit must be filed with a court having jurisdiction over the alleged offense or with its traffic violations bureau within 5 days after issuance [or mailing] to the violator. If the five day filing requirement was jurisdictional it would also apply to infractions charged by affidavit. Such is not the case.

The defendant cites and relies on one Orange County Circuit Court case and three County Court cases which granted motions to dismiss when evidently dealing with the issue involved herein, i.e., *State v. Thompson*, Case No. AP83-30 (Fla. 9th Cir. Ct. 1984); *State v. Arcuri*, Case No. TW82-15728 (Fla. Orange Cty. Ct. 1982); *State v. Reddy*, Case No. TO82-47009 (Fla. Orange Cty. Ct. 1982); and *State v. Pridgen*, Case No. TO81-23835 (Fla. Orange Cty. Ct., 1981), respectively. This court is unable to rely on the above cited cases as it is unclear why these courts ruled as they did since no rationale is contained in said orders.

Based on the above and foregoing it is abundantly clear that s. 316.650(3) *Fla. Stat.* (1986 Supp.) is an accountability provision and not jurisdictional. The defendant's motion to dismiss is hereby denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 30th day of March, 1987.