689 So.2d 1165 (1997)
Stanley BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3997.
District Court of Appeal of Florida, Fourth District.
March 5, 1997.
Certification of Question Denied April 8, 1997.
*1166 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Stanley Brown appeals orders convicting him of official misconduct, section 839.25, Florida Statutes (1995), and petit theft, section 812.014(3)(a), Florida Statutes (1995). We hold that section 839.25(1) applies to a public servant's time cards and affirm.
Brown was a lift station foreman at the Department of Environmental Engineering Services of the City of Margate. City employees have time cards they use to clock on and off duty and which are kept in slots by the time clock. The city uses the time cards to calculate an employee's pay for each pay period. At trial, the state presented evidence that Brown filed a time card reflecting overtime starting at 10:30 p.m. on March 1, 1994. The state's case was that the time card was false, since Brown did not start work that evening until after 3:00 a.m. on March 2. Although there was conflicting evidence as to Brown's actual starting time on the evening in question, the jury returned guilty verdicts on both official misconduct and petit theft.
Brown contends that the official misconduct conviction must be reversed because the time card was not an "official record or official document" within the meaning of section 839.25(1). In State v. Riley, 381 So.2d 1359 (Fla.1980), the supreme court held that the language of section 839.25(1) was not unconstitutionally vague, since it was "defined so that those with common intelligence and understanding have sufficient warning of what actions would constitute a violation." Id. at 1361. Riley concerned a prosecution involving falsified police reports. Harnum v. State, 384 So.2d 1320 (Fla. 2d DCA 1980), affirmed a conviction under the statute for the alteration of arrest records to show a false breathalyzer reading. In State v. Short, 483 So.2d 10 (Fla. 2d DCA 1985), the second district reversed the trial court's dismissal of charges brought under section 839.25. There the state had charged the sheriff of Pasco County with falsifying both a letter on office stationary and an "employee action form" of the sheriff's department. On the authority of Riley, the court held that the statute was not impermissibly vague since it conveyed "sufficiently definite notice of what conduct is proscribed." The second district observed:
No person of common intelligence needs to guess that the terms "official record" and "official document" would include letters written on office stationary and printed office forms used in the regular course of the public's business.
Short, 483 So.2d at 12.
When read together, these authorities demonstrate that "official" records or documents under section 839.25 are those used or prepared to carry out the administrative, public or official business of a public agency.[1] A public servant's time cards are official records within the meaning of the statute.
Brown's second point on appeal concerns the trial court's instruction on reasonable doubt given during voir dire. Based on State v. Wilson, 686 So.2d 569 (Fla.1996), we find no error.
AFFIRMED.
DELL and SHAHOOD, JJ., concur.
NOTES
[1] A public agency is the employer of a "public servant," that classification of individual to whose conduct section 839.25(1) applies. The definition of a section 839.25(1) public servant is found at section 838.014(4), Florida Statutes (1995). See State v. Short, 483 So.2d at 12.