STRINGER, Judge.
William Clement challenges his conviction for official misconduct in violation of *447 section 839.25, Florida Statutes (1999).[1] Because we conclude that section 839.25 does not apply to candidates for public office, we reverse his conviction.
Clement ran for and won the November 2000 race for Sheriff of Charlotte County, Florida. Three years later, the State charged him with official misconduct contrary to section 839.25 in connection with his campaign. Specifically, the information alleged that in October 2000, he knowingly falsified or caused another to falsify his Campaign Treasurer’s Report by falsely stating in the report that certain campaign contributions were received from specified individuals and/or entities, knowing that they were not the source of the purported campaign contributions.
Prior to the jury trial, Clement filed an amended motion to dismiss that argued, in part, that his actions as a candidate for public office did not fall within the purview of conduct proscribed by section 839.25. The trial court, relying on State v. Short, 483 So.2d 10 (Fla. 2d DCA 1985), denied the motion to dismiss. A jury found him guilty of official misconduct.
As we explained in State v. Pasko, 815 So.2d 680, 681 (2002), “[t]he purpose of a motion to dismiss is to allow a pretrial determination of the law of the case when the facts are not in dispute. Accordingly, the standard of our review of the trial court’s order is de novo.” (Citation omitted.)
Section 839.25(1) makes official misconduct a third-degree felony:
“Official misconduct” means the commission of the following act by a public servant, with corrupt intent to obtain a benefit for himself or herself or another or to cause unlawful harm to another: knowingly falsifying, or causing another to falsify, any official record or official document.
Clement argued that section 839.25 does not apply because a public servant does not include a candidate for office. The term “public servant” is not defined in chapter 839. In upholding the constitutionality of the official misconduct statute against a vagueness challenge, this court has borrowed the definition of “public servant” from section 838.014(4), Florida Statutes (1983). Short, 483 So.2d at 12. That definition of “public servant” includes a candidate for public office. However, we conclude that the facts in the present case are distinguishable from the circumstances and analysis of the definition of public servant in Short.
Mr. Short was the duly elected Sheriff of Pasco County, not a candidate. The Short decision’s use of the chapter 838 definition to avoid a vagueness challenge does not support an application of this definition to the official misconduct statute. All of the cases concerning official misconduct involve actual public officers, employees, and the like; none of the decisions applies to a candidate. See, e.g., State v. Jenkins, 469 So.2d 733 (Fla.1985) (property appraiser for Suwannee County); State v. Riley, 381 So.2d 1359 (Fla.1980) (police officer); State v. DeLeo, 356 So.2d 306 (Fla.1978) (employee of City of Hollywood); State v. Dinsmore, 308 So.2d 32 (Fla.1975) (mayor of City of Pinellas Park); State v. Russ, 778 So.2d 414 (Fla. 1st DCA 2001) (city commissioner of Quincy); Brown v. State, 689 So.2d 1165 (Fla. 4th DCA 1997) (employee of City of Margate); Diaz v. State, 609 So.2d 1337 (Fla. 3d DCA *448 1992) (police officer); Bauer v. State, 609 So.2d 608 (Fla. 4th DCA 1992) (cash management coordinator for City of West Palm Beach); Owens v. State, 593 So.2d 1113 (Fla. 1st DCA 1992) (county commissioner of Walton County); Barr v. State, 507 So.2d 175 (Fla. 3d DCA 1987) (police officer).
The rule of lenity requires that “[criminal statutes must be strictly construed, and when the language is susceptible to differing constructions, it must be construed most favorably to the accused.” § 775.021(1), Fla. Stat. (1999). “[Statutes creating and defining crimes cannot be extended by construction or interpretation to punish an act, however wrongful, unless clearly within the intent and terms of the statute.” Hutchinson v. State, 315 So.2d 546, 547 (Fla. 2d DCA 1975); see also State v. Maloy, 823 So.2d 815, 816 (Fla. 1st DCA 2002) (holding that provisions of particular and specific statutory proscription are ordinarily controlling over any conflicting provisions in a general law). The official misconduct statute does not readily encompass candidates within its application. We will not extend section 839.25 to punish acts committed by candidates for public office as well as public servants.
Our decision is buttressed by the recent revision of section 839.25, which clarifies the legislature’s intent concerning the application of the official misconduct statute to a public servant. See Estate of Youngblood v. Halifax Convalescent Ctr., Ltd., 874 So.2d 596, 605 n. 13 (Fla. 5th DCA 2004) (citing Finley v. Scott, 707 So.2d 1112, 1116-17 (Fla.1998)). Renumbered as section 838.022, the new statute expressly excludes a candidate who does not otherwise qualify as a public servant from the definition of “public servant” in the official misconduct statute.
Accordingly we reverse Clement’s conviction for official misconduct.
FULMER and VILLANTI, JJ., concur.

. Chapter 2003-158, section 5, Laws of Fla., repealed section 839.25 and added section 838.022, effective October 1, 2003.