No. 85–6004. CLARK *v.* FLORIDA. Appeal from Dist. Ct. App. Fla., 5th Dist., dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

CHIEF JUSTICE BURGER.

I agree that we should dismiss this improper appeal, and treating the appeal as a petition for certiorari, deny certiorari. The merits of this appeal are utterly frivolous, as were most of appellant's persistent efforts in the courts of Florida. In light of that frivolousness, as well as appellant's status as a member of the Florida Bar, I would award the State costs and fees under Rule 49.2.

This case originated when appellant Bret Clark received a speeding ticket while traveling on the Florida Turnpike on August 12, 1982. At the time he was a law student. Appellant pleaded not guilty, went to trial *pro se* and lost; he was fined $100. On appeal the Fifth Judicial Circuit Court of Florida, sitting in its appellate capacity, affirmed without opinion on September 4, 1984. At some point during 1984 appellant graduated from law school and was admitted to the Florida Bar.

Five months later, on February 14, 1985, appellant sought a writ of certiorari from the Florida Fifth District Court of Appeal. Under Florida Rule of Appellate Procedure 9.100(c), however, a petition for that writ must be filed within 30 days of the order sought to be reviewed, or in this case, no later than October 4, 1984. Appellant claimed that his petition was nevertheless timely under an exception to the rule when denial of appellate review would be fundamentally unfair, because he claimed he did not become aware of the Fifth Judicial Circuit's order of affirmance until January 14, 1985, after his driver's license had been suspended by the Florida Department of Highway Safety and Motor Vehicles. He apparently failed to inform the Circuit Court of his change of address while appeal was pending and to keep a watchful eye on that court's docket, as he was obligated to do if he intended to pursue his claim.

On the merits, he challenged the arresting officer's failure to show him the digital display on the radar detection device indicating that he was exceeding the speed limit. He also challenged the Florida sentencing procedure as discriminating against traffic offenders who plead not guilty by imposing "double or nothing" fines that exceed the fine imposed if they plead guilty, thereby discouraging offenders from protesting their guilt. Finally, he challenged the constitutionality of the 55-mile-per-hour speed limit. The Court of Appeal ordered the State to show cause why the petition should not be granted, and the State filed a response raising the jurisdictional bar based on the untimely filing of the petition. On April 15, 1985, the court dismissed the petition for lack of jurisdiction.

Undeterred, appellant filed a motion for rehearing which was stricken as untimely. Over a month later he filed a motion to recall mandate and a suggestion for reconsideration. At this point the State, frustrated with appellant's frivolous litigious efforts, filed a response pointing out that the court had no power to recall mandate, and that no mandate had even issued. The State also moved for attorney's fees pursuant to Fla. Stat. § 57.105 (1985), which provides for an award of fees where a losing party's position is completely lacking any "justiciable issue" of law or fact. The State emphasized that appellant's motion for recall of mandate

"demonstrates a startling ignorance of the law, and, more importantly, an unwillingness to expend even minimal effort

to research facts or law before taking the time of this counsel and this honorable court. . . . [T]he correspondence and pleadings in this cause . . . amply demonstrate petitioner's misconception that his law training entitles him to file whatever he wants whenever he wants without the slightest regard for the law or judicial resources." App. to Juris. Statement A–4.

Appellant responded by citing a Florida District Court of Appeal decision from 1980 supporting his position that the court could consider his rehearing motion. See *Rogers* v. *State Farm Mutual Automobile Insurance Co.*, 390 So. 2d 138 (Fla. App. 1980). He also asserted that the State's motion for fees "demonstrate[d] a shocking degree of arrogance and lack of professionalism," App. to Juris. Statement A–7, and that the State, "by its motion, reveals that it has nothing but contempt for a law student who does not simply permit an injustice to run its course, paying an unjust penalty." *Id.*, at A–8.

The Court of Appeal issued an order to show cause why sanctions should not be awarded, and appellant again responded that his efforts were not frivolous, relying on the same 1980 case. He claimed his driver's "license was suspended without notice or an opportunity to be heard." *Id.*, at A–10. The State filed a notice of supplemental authority pointing out that the 1980 case upon which appellant relied had been *reversed* by the Florida Supreme Court in 1981. See *State Farm Mutual Automobile Insurance Co.* v. *Judges of District Court of Appeal, Fifth District*, 405 So. 2d 980 (Fla. 1981), *reversing* 390 So. 2d 138 (Fla. App.). The Court of Appeal thereafter denied the motion for recall of mandate and awarded attorney's fees in the amount of $100 against appellant pursuant to Florida Rule of Appellate Procedure 9.400(b).

Not one to suffer defeat lightly, appellant untimely moved the Court of Appeal to review its order granting the nominal $100 fee award. *For the first time*, as appellant acknowledges, see Juris. Statement 2, he claimed that the award of sanctions was in retaliation for certain correspondence he had sent to the Court of Appeal complaining about the "denial" of appellate review of his conviction, in violation of his First Amendment right to petition for redress of grievances. He contended that the fee statute was therefore "repugnant to the Constitution and laws of the United States." App. to Juris. Statement A–14. The Court of Appeal

summarily denied his motion to review the award on September 12, 1985, and the Florida Supreme Court informed appellant that it lacked jurisdiction to review orders granting fee awards under Rule 9.400(c) on November 14, 1985.

From the Florida Fifth District Court of Appeal's "final" order, appellant brings this appeal challenging the fee award as in violation of the First Amendment. He claims Fla. Stat. § 57.105 (1985) permits an award of fees based "upon the vague concept of what constitutes a 'justiciable issue.'" Juris. Statement 2. This claim, coming from an attorney, is so utterly frivolous as to not warrant any further discussion. All this suggests is that appellant considers the judicial system a laboratory where small boys can play.

Rule 49.2 provides that "[w]hen an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or the respondent appropriate damages." Plainly this is an appropriate case for sanctions. As the State makes clear:

> "This case, although the subject of considerable judicial attention, has been troubled by two common elements — untimeliness and only casual observance of proper state procedural rules. Every pleading Clark filed after the affirmance of his speeding ticket was either late or inappropriate and filed with but a minimal knowledge of relevant procedure. That which started him litigating in the Fifth District Court of Appeal was filed almost four months late. Even after being informed that the court was without jurisdiction to entertain the petition, Clark nevertheless persisted in his efforts to obtain something to which he was not legally entitled under state law. When that persistence resulted in a motion for him to pay for the state's costs in the litigation, he was given an opportunity to show cause why such an assessment should not issue. At most, Clark only offered reasons which had nothing to do with the purpose of the motion." Motion to Dismiss 4–5.

Appellant now claims that he "is the victim of a state court system which, confronted by a critical and recalcitrant defendant, decided to punish him for attempting to assert his right to a day in court on an appeal from a conviction in a presumably routine traffic case." Brief Opposing Motion to Dismiss 1. This distorted framing of the issue simply illuminates the frivolousness of this

appeal. The extended proceedings in this case make clear that no one has denied Bret Clark his day in court. Rather, appellant has demonstrated a contempt for the Florida courts and the system of justice by repeatedly ignoring filing deadlines and by raising patently frivolous claims. As a result of his protracted efforts to keep this case alive, the State has been denied its right to put an end to this tedious litigation.

This curious sequence suggests the dangers of a system of legal education that trains students in technique without instilling a sense of professional responsibility and ethics—a bit like giving a small boy a loaded pistol without instruction as to when and how it is to be used. Had he thus conducted himself after finishing law school and before being admitted to practice the State would plainly have been entitled to conclude that he was unfit to be a member of the Bar.

I would impose a penalty of $1,000 in favor of the State against appellant, who, as a member of the Florida Bar, has abused his privilege to practice law by repeatedly filing frivolous papers.