489 So.2d 813 (1986)
Wiley G. CLAYTON, County Judge, Petitioner,
v.
Honorable Ben C. WILLIS, Etc., et al., Respondents.
No. 86-802.
District Court of Appeal of Florida, Fifth District.
May 29, 1986.
*814 John W. Tanner, P.A., Daytona Beach, for petitioner.
Ed Austin, Assigned State Atty., and Stephen M. Kunz, Assigned Asst. State Atty., Jacksonville, for respondent Honorable Ben C. Willis.
EN BANC

ON PETITION FOR WRIT OF PROHIBITION
PER CURIAM.
The petitioner, Wiley G. Clayton, a Volusia County Court Judge, seeks a writ of prohibition against the respondent, the Honorable Ben C. Willis, as Circuit Judge,[1] to prevent trial of multiple counts of an indictment against Clayton returned by the Spring Term Grand Jury of Volusia County, Florida, on May 6, 1986. The trial originally was scheduled for May 12, 1986. On May 9, 1986, this court issued an order directing the respondent to show cause within a prescribed time why relief should not be granted as to counts three through twenty-five, inclusive, of said indictment.[2] That order stayed trial of those counts pending disposition of the petition. The response and a reply thereto have now been received by this court, pursuant to Florida Rule of Appellate Procedure 9.100, and we have heard oral argument from each side in regard to their respective positions.
At the inception of our considerations, we note that it is undisputed that counts three through twenty-five attempt to charge the defendant, Clayton, with misdemeanors. The two remaining counts of the indictment (counts one and two) are felony charges, based on an alleged incident in Daytona Beach, Florida, on May 15, 1984, involving one Michael Becker and one *815 Stanley Masterson. The twenty-three misdemeanor counts, as shown by the allegations therein, are unrelated to the Becker-Masterson incident either factually or chronologically.
Section 26.012(2)(d), Florida Statutes (1985), gives exclusive original jurisdiction to circuit courts "of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged." (Emphasis added.) Even a casual reading of the indictment in this case reveals that the twenty-three alleged misdemeanors did not arise out of the same circumstances as the felonies alleged in counts one and two. Misdemeanor jurisdiction cannot be conferred upon the circuit court by waiver or consent. White v. State, 404 So.2d 804 (Fla. 2d DCA 1981); Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981). Therefore, the respondent, as a circuit judge, clearly lacks subject matter jurisdiction of these twenty-three misdemeanor counts and must be prohibited from proceeding in respect thereto.
Aside from the fundamental jurisdictional defect set forth above, the indictment is riddled with infirmities that further support prohibition relief in this case. Seventeen counts of the indictment (three-six, nine-fifteen, seventeen-twenty-one, and twenty-five) purport to charge Clayton with criminal offenses for allegedly violating the Code of Judicial Conduct. Such violations are not crimes and, except for impeachment, are within the exclusive jurisdiction of the Florida Supreme Court and the Judicial Qualifications Commission. See Art. V, § 12(a), Fla. Const.; In Re The Florida Bar  Code of Judicial Conduct, 281 So.2d 21, 23 (Fla. 1973). The provisions of a Code of Judicial Conduct which do not come within the ambit of one of the express proscriptions of the penal law and which have never been adopted by the Legislature may not be enforced by resort to criminal prosecution. People v. La Carrubba, 46 N.Y.2d 658, 416 N.Y.S.2d 203, 389 N.E.2d 799 (1979). As the New York Court of Appeals stated in La Carrubba:
We perceive no intention on the part of the Legislature to cloak the District Attorney with responsibility for compelling conformity with the Code of Judicial Conduct.
Id., 416 N.Y.S.2d at 207, 389 N.E.2d at 802-03.
Seventeen of the counts also allege vaguely that Clayton acted in contravention of the Florida Rules of Criminal Procedure, and/or the Rules of Practice and Procedure for Traffic Courts, and/or County Administrative Orders. No specific rule or order is identified anywhere in the indictment. It is clear that the failure by a judge to comply with a procedural rule or administrative order, whether at the county court level or supreme court level, is not a statutory crime in Florida. Indeed, the respondent does not contend otherwise, relying instead on the English common law as supportive of this indictment.
There was no legal obstacle to the imposition of procedural duties upon English common law judges by the legislative power, nor to the criminal prosecution of the common law judge by a prosecutor acting under executive power to enforce judicial duties because all powers of government were lodged in the sovereign king. This is why English judges were dependent upon the will of the king, which was one of the reasons for the American Revolution and the adoption of our constitutional form of government. Because of this lack of judicial independence, judicial administrative and procedural duties based on court-adopted rules of court and codes of judicial ethics were unknown to the English common law judicial system.
The separation of powers provision in our constitution  Article II, Section 3, Florida Constitution  divides all governmental power into three substantive components, makes each an independent branch of government, and prohibits each from encroaching on the functions of another. This is the authority for each branch to adopt rules to govern itself. This is also the reason the executive power cannot prosecute, as a crime under statutes adopting *816 the common law of England, a judge for failure to follow court rules and judicial ethics. Enforcement of court-adopted procedural and administrative rules, as well as judicial ethics, is for the judicial branch of government, just as the enforcement of congressional rules, adopted by the legislative power to govern itself, is for that branch of government.
A review of cases of judicial misconduct shows, without exception, that violation of rules of procedure and codes of judicial ethics or conduct are enforced by commissions such as the Florida Judicial Qualifications Commission, and not by criminal prosecution. In Inquiry Concerning Judge, J.Q.C., 357 So.2d 172 (Fla. 1978), a county court judge was charged with violations of a similar nature, e.g., speaking to defendants ex parte, refusing to issue a writ of replevin, and refusing to execute a final judgment. In Inquiry Concerning a Judge, Leon, 440 So.2d 1267 (Fla. 1983), a judge was disciplined for engaging in improper ex parte communications with another judge regarding his disposition of a case, and improperly altering a sentence. In Inquiry Concerning a Judge, Damron, 487 So.2d 1 (Fla. 1986), a county court judge was removed from office by the Florida Supreme Court, pursuant to findings and recommendations by the Judicial Qualifications Commission, for engaging in ex parte communications, threatening litigants, using his office for personal political gain, and discouraging defendants from the exercise of constitutional rights.
Other states also employ judicial qualifications commissions to review allegations of ethical misconduct, rather than allowing review by indictment and resolution by a jury of laymen. In Spruance v. Commission on Judicial Qualifications, 13 Cal.3d 778, 119 Cal. Rptr. 841, 532 P.2d 1209 (1975), a commission considered conduct of a judge in transferring cases improperly to his own court, ordering the release of defendants on their own recognizance, approaching the district attorney to influence a case, soliciting another judge to dismiss a citation, and altering a reported criminal disposition. In Matter of Haddad, 128 Ariz. 490, 627 P.2d 221 (1981), a judge was disciplined for dismissing traffic violations. The court in In Re Martin, 295 N.C. 291, 245 S.E.2d 766 (1978), censured a judge pursuant to a commission investigation for entering a judgment outside the courtroom when the court was not in session and without notice to opposing counsel.
The conduct of a judge in respect to rules of procedure and judicial ethics is within the inherent jurisdiction of the judicial branch, and the doctrine of separation of powers will not allow those in other branches to arbitrarily interfere with that jurisdiction. Although judges are subject to indictment for violations of specific crimes, as are any other citizens, ethical misconduct is not a crime and the Florida Supreme Court has jurisdiction to weigh such conduct and impose sanctions therefor. Such conduct may also be addressed by impeachment pursuant to the express provision of Article V, Section 12(g), of the Florida Constitution.
The catch-all basis for all twenty-three misdemeanor counts is found in the allegations that Clayton did "willfully abuse or fraudulently exceed" his powers by committing various acts "contrary to the common law of England, as enunciated in LaTour v. Stone, 139 Fla. 681, 190 So. 704 (1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by section 775.01, Florida Statutes, and punishable as provided in section 775.02, Florida Statutes."
Section 775.01, Florida Statutes (1985), provides:
Common law of England.  The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this state where there is no existing provision by statute on the subject.
By citing to section 775.01 and to the Florida Supreme Court cases of LaTour, Sullivan and Egan in the indictment, the state is attempting to allege the common-law *817 offense of misconduct in office, termed by the caption of the indictment as "misbehavior in office." At common law this offense included any act by the holder of a public office, whether through malfeasance, misfeasance or nonfeasance, which directly injured the public. See LaTour, 190 So. at 708; 16 C.J. Criminal Law, § 23. Egan upheld the constitutionality of section 775.01 against a challenge based upon vagueness and obsolescence, but also held that this statute could not be used against public officials "unless (their) conduct directly conflicts with written laws prescribing the obligations of the offices they hold." In Sullivan the Florida Supreme Court held that an indictment charging the common-law offense of official misconduct must do so in direct and specific terms. None of the three cited cases involved the prosecution of a member of the judicial branch of government.
In relying so heavily upon the common-law offense of "misconduct in office," the state seemingly has overlooked the rule at common law that judges of courts of record and high officials were only subject to indictment for misconduct in regard to ministerial and nondiscretionary acts. See Rex v. Bembridge, 3 Doug. 327; Reg. v. Wyatt, 1 Salk. 380; Reg. v. Hall, 1 Q.B. 747; see also Blackstone, Commentaries on the Laws of England, Vol. IV, 1540 (1902). The only punishment at common law for nonministerial, discretionary acts was impeachment, absent corrupt circumstances. See Burdick, The Law of Crime, Vol. I, § 272a (1946). As pointed out in Egan:
Where ... the duty which has not been performed, is one involving discretion, the failure to perform it is not per se an indictable offense in the absence of willful and corrupt motives. (Emphasis added.)
Egan, 287 So.2d at 8. The respondent in his "Order on Motion to Dismiss Counts of Indictment" dated May 1, 1986, observed that the word "corrupt" means "morally unsound or debased; perverted, evil, depraved," and "has clear implications of conduct so reprehensible as to result in moral degradation."
A review of the twenty-three misdemeanor counts at issue discloses that the alleged acts, whether done properly or improperly, involved judgment and discretion, and could not be prosecuted at common law in the absence of a corrupt motive. See Egan, 287 So.2d at 8. A corrupt motive, in regard to such judicial acts, must be alleged in "direct and specific terms." See Sullivan, 48 So.2d at 838. Nowhere in the twenty-three counts is such a corrupt motive factually alleged. There is no suggestion in any of these counts that Clayton's actions or inactions were corruptly motivated by bribery or personal considerations of any benefit, advantage or favor. Clearly, there are no allegations of conduct reflecting moral degradation. The indictment's utilization of such buzz-words as "willful" and "fraudulent," without any specific factual allegations of corrupt conduct, simply does not support an action cognizable at common law. Therefore, the respondent, even if he were a county court judge, would be without subject matter jurisdiction to proceed. See Ex Parte Amos, 93 Fla. 5, 112 So. 289, 291 (1927).
The common law of England in relation to crimes is in full force in Florida where there is no existing provision by statute. See § 775.01, Fla. Stat. (1985). But that common law cannot be inconsistent with the Constitution of the United States or of Florida. See § 2.01, Fla. Stat. (1985). In State v. Egan, the court cited section 775.01 and reaffirmed the continuing vitality in Florida of the common-law crime of misconduct in office, noting that a statutory enactment would be essential to repeal, abrogate or change the common law.
The state relies on Egan as support for the validity of the indictment in question. However, in 1974, one year after Egan was decided, the legislature enacted what is presently section 839.25, Florida Statutes, which defines official misconduct and establishes it as a felony of the third degree. The statute as originally enacted *818 had three subsections which defined the acts constituting official misconduct. Subsection (a) prohibited a public servant from "knowingly refraining, or causing another to refrain from performing a duty imposed upon him by law." Subsection (b) proscribed "knowingly falsifying or causing another to falsify, any official record or document." Finally, subsection (c) prohibited an official from "knowingly violating, or causing another to violate, any statute or lawfully adopted regulation or rule relating to his office." It should be noted that all of the misdemeanor charges alleged in the indictment in question are covered by the statutory definitions in subsections (a) and (c), and the two felony counts are alleged violations of subsection (b).
In State v. DeLeo, 356 So.2d 306 (Fla. 1978), the Florida Supreme Court considered the constitutionality of subsection (c). The court noted that, theoretically, a public servant could be charged with a felony of the third degree for violating any minor agency rule applicable to him, even though the rule carried no penalty of its own. The court stated:
While some discretion is inherent in prosecutorial decision-making, it cannot be without bounds. The crime defined by the statute ... is simply too open-ended to limit prosecutorial discretion in any reasonable way. The statute could be used, at best, to prosecute, as a crime, the most insignificant of transgressions or, at worst, to misuse the judicial process for political purposes. We find it susceptible to arbitrary application because of its "catch-all" nature. (Footnote omitted.)
Id. at 308. Accordingly, the court declared section 839.25(1)(c), Florida Statutes, to be unconstitutional under the due process guarantees of the United States and Florida Constitutions because of its susceptibility to arbitrary application. Id. at 307. In 1979, the legislature repealed subsection (c). Chapter 79-163, § 10, Laws of Florida.
Thereafter, in State v. Jenkins, 469 So.2d 733 (Fla. 1985), the Florida Supreme Court considered the constitutionality of section 839.25(1)(a), Florida Statutes (1983), and found it invalid on the same grounds. The court held that "subsection (a) as it is presently written is unconstitutionally vague and susceptible to arbitrary application." Id. at 734. The court noted again that the statute allows the imposition of criminal sanctions for the failure to perform duties imposed by statutes, rules or regulations that may themselves impose either a lesser penalty or no penalty at all. Only subsection (b) of section 839.25 has been found to be constitutional. See State v. Riley, 381 So.2d 1359 (Fla. 1980). In Riley the supreme court found that the provisions of subsection (b) were not "couched in such open-ended language" as subsection (c).
As previously noted, only that portion of the common law of England which is not inconsistent with the United States Constitution and the Florida Constitution is in force in this state. The common-law crime of misconduct in office suffers the same infirmities as the statutory provisions of section 839.25 heretofore invalidated by the Florida Supreme Court, and therefore the common law offense must also be in violation of the due process clause of the fourteenth amendment and Article I, Section 9 of the Florida Constitution. It logically follows that the common-law crime of misconduct in office cannot be the law of Florida. What was unconstitutional under the statute remains unconstitutional under the tag of "English common law." The instant case is a classic example of the scenario foretold in DeLeo, i.e., prosecution of the most insignificant transgressions and misuse of the judicial process for political purposes.
This court is concerned about the prosecutor's use of the indictment process in this case to level charges which are fatuous and patently without merit. For example, in the absence of bribery or corrupt influence, it cannot be a crime for a judge to release a defendant on his own recognizance; it cannot be a crime for a judge to hear a case not assigned to him; it cannot be a crime to withhold adjudication of guilt or waive *819 courtroom appearances; it cannot be a crime to fail to have a court reporter present on all occasions; it cannot be a crime to amend a judgment or correct a record; it cannot be a crime to dismiss a criminal case or to fail to fingerprint a defendant. If these matters are crimes, virtually every judge in Florida, including the respondent, is subject to indictment at the whim and caprice of a disgruntled or ambitious state attorney. The indictment procured by the assistant state attorney in this case suggests, in the words of Chief Justice Burger:
[T]he dangers of a system of legal education that trains students in technique without instilling a sense of professional responsibility and ethics  a bit like giving a small boy a loaded pistol without instruction as to when and how it is to be used.
See Clark v. Florida, ___ U.S. ___, ___, 106 S.Ct. 1784, 1787, 90 L.Ed.2d 330 (1986).
This case reveals the principal weakness of the grand jury system  the propensity of well-intentioned laymen in the hands of an irresponsible prosecutor to be led down any path. The state attorney conceded at oral argument that a direct information could have been filed here, and there was no legal necessity to take this matter to a grand jury. All too often, state attorneys use grand juries as an asbestos glove to insulate themselves from political hot potatoes. Grand juries are arms of the court, and should never be political instruments of the state attorney. See State v. Digman, 294 So.2d 325 (Fla. 1974). The Circuit Court of Volusia County owes a duty to the public to prevent abuse of the grand jury system, if necessary by the appointment of special counsel to responsibly instruct grand jurors in regard to the law. This record suggests the circuit court has been derelict in that duty, perhaps because of an intimidation factor. But that duty must be discharged if the grand jury system is to survive and retain its traditional function: to serve as a buffer between the free citizen and arbitrary power. In Re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316 (1943). Justice Mosk, writing for the majority in Hawkins v. Superior Court, etc., 22 Cal.3d 584, 150 Cal. Rptr. 435, 438-39, 586 P.2d 916, 919-20 (1978), said:
The pervasive prosecutorial influence reflected in... statistics has led an impressive array of commentators to endorse the sentiment expressed by United States District Judge William J. Campbell, a former prosecutor: "Today, the grand jury is the total captive of the prosecutor who, if he is candid, will concede that he can indict anybody, at any time, for almost anything, before any grand jury." (Campbell, Eliminate the Grand Jury (1973) 64 J.Crim.L. & C. 174.) Another distinguished federal jurist, Judge Marvin E. Frankel, put it this way: "The contemporary grand jury investigates only those whom the prosecutor asks to be investigated, and by and large indicts those whom the prosecutor wants to be indicted." (Frankel & Naftalis, The Grand Jury: An Institution on Trial (1977) p. 100.)
During oral argument in this cause, the assigned state attorney made several astounding assertions. For example, he contended that indictment is an alternative remedy to mandamus, at the option of the prosecutor. He then asserted that any judge, even if acting on the studied belief that a law is unconstitutional, is subject to prosecution for refusing to enforce that law provided the magic words "willful" and "fraudulent" are incorporated in the accusatorial document by the drafting prosecutor. We firmly reject and repudiate these contentions, and respond to them in the words of Justice Drew, writing in the case of In Re Proposed Disciplinary Action, 103 So.2d 632, 634 (Fla. 1958):
... It is not amiss to observe that the complete independence of the judiciary of this country is essential to the preservation of the Constitution and the perpetuation of the fundamental concept of equal justice under law. It should never be forgotten that one of the first charges contained in the Declaration of Independence was that the tyrannical sovereign *820 had "obstructed the Administration of Justice, by refusing his Assent to Laws for establishing Judiciary Powers," and "made Judges dependent on his Will alone, for the tenure of their offices * * *"
For the foregoing reasons, the petition is granted, the writ is issued, and the trial court, acting as circuit judge, is prohibited from further action in regard to counts three through twenty-five of the aforesaid indictment.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and DAUKSCH, ORFINGER, UPCHURCH and COWART, JJ., concur.
SHARP, J., concurs without participation at oral argument.

APPENDIX

COUNT THREE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a third count charge that WILEY G. CLAYTON, on or about the 30th day of March, 1984, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal cases of The State of Florida vs. Kevin Yashus, Case Numbers CTC84-4085-8 and CTC84-4195-C, by conducting ex parte conversations with the mother of the defendant Yashus without providing an opportunity for the State of Florida to be heard concerning the matter; by releasing the defendant in his own recognizance without having any paperwork before him; by failing to conduct said pretrial release procedure on the record in open court and failing to afford the State of Florida an opportunity to be heard concerning the pretrial release of defendant Yashus; by vacating an arrest warrant or pick-up order for the arrest of defendant Yashus that had previously been issued by a circuit court judge; all of which are in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT FOUR
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a fourth count charge that WILEY G. CLAYTON, on or about the 20th day of July, 1984, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the case of The State of Florida vs. Italo Zanin, Citation Numbers 40702-LX and 40703-LX, by failing to accept the plea and pronounce the sentence of the defendant Zanin in open court, by failing to have the plea and sentence recorded by an official court reporter or electronic means, by failing to require the defendant Zanin to appear or to waive his appearance in writing or on the record; by accepting the plea and pronouncing sentence on a day other than when the defendant CLAYTON was scheduled to hear traffic arraignments; all of which are in violation of the Rules of Practice and Procedure For Traffic Courts, the Rules of Criminal Procedure, and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. *821 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT FIVE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a fifth count charge that WILEY G. CLAYTON, on or about the 15th day of October, 1984, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal case of The State of Florida vs. Judith Samuels, Case Number CTC84-13870-C, by failing to conduct the plea and sentence proceedings of defendant Samuels in open court, by conducting the said plea and pronouncement of sentence in an ex parte manner without affording the State of Florida an opportunity to appear and be heard concerning the plea and sentence; by failing to have the said plea and sentence proceeding recorded stenographically or by mechanical means; by accepting said plea and pronouncing sentence in said criminal case shortly after the arrest of Judith Samuels when the case had not been assigned to defendant CLAYTON; by failing to require the presence of defendant Samuels at said plea and sentence or to have her appearance waived in writing or on the record; all of which are in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT SIX
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a sixth count charge that WILEY G. CLAYTON, on or about the 18th day of December, 1984, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the noncriminal traffic case of the State of Florida vs. Sarah Gallant, Citation Number 14216-MK, by accepting a plea and entering a judgement of withhold of adjudication of guilt and no fine on said case when said case had been properly assigned by the Volusia County Clerk to County Judge Gayle Graziano and not to defendant CLAYTON; by failing to conduct the plea and entry of judgment in said case in open court; by failing to assess the penalties as prescribed by statute for the disposition of noncriminal traffic infractions; all of which are in violation of the Rules of Practice and Procedure for Traffic Courts, Chapter 318, Florida Statutes, County Administrative Orders for Volusia County, and the Code of Judicial Conduct, contrary to the Common Law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT SEVEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a seventh count charge that WILEY G. CLAYTON, on or about the 10th day of January, 1985, in the County of Volusia *822 and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by failing to cause to be affixed to the judgement of guilt the fingerprints of Mary Elaine Thombs, a criminal defendant, in the criminal case of The State of Florida vs. Mary Elaine Thombs, Case Number CTC84-16403-C, in violation of Chapter 921, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT EIGHT
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a eighth count charge that WILEY G. CLAYTON, on or about the 7th day of February, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by failing to cause to be affixed to the judgement of guilt the fingerprints of Kelly Russell Perkenson, a criminal defendant, in the criminal case of The State of Florida vs. Kelly Russell Perkenson, Case Number CTC85-180-C, in violation of Chapter 921, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT NINE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a ninth count charge that WILEY G. CLAYTON, on or about the 7th day of February, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal case of The State of Florida vs. Mary Tiffany Eubank, Case Number CTC84-16758-C, by failing to conduct the plea and sentence proceedings of defendant Eubank in open court, by conducting the said plea and pronouncement of sentence in an ex parte manner without affording the State of Florida an opportunity to appear and be heard concerning the plea and sentence; by failing to have the said plea and sentence proceeding recorded stenographically or by mechanical means; by failing to require the presence of Mary Tiffany Eubank at said plea and sentence or to have her appearance waived in writing or on the record; all of which are in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and *823 for a tenth count charge that WILEY G. CLAYTON, on or about the 1st day of April, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal case of The State of Florida vs. Terrance J. Guinon, Case Number CTC85-4960-C, by failing to conduct the plea and sentence proceedings of defendant Guinon in open court, by conducting the said plea and pronouncement of sentence in an ex parte manner without affording the State of Florida an opportunity to appear and be heard concerning the plea and sentence; by failing to have the said plea and sentence proceeding recorded stenographically or by mechanical means; by failing to require the presence of Terrance J. Guinon at said plea and sentence or to have his appearance waived in writing or on the record; all of which are in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT ELEVEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a eleventh count charge that WILEY G. CLAYTON, on or about the 15th day of April, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal case of The State of Florida vs. Mark Joseph Rumpke, Case Number CTC85-4594-C, by failing to conduct the plea and sentence proceedings of defendant Rumpke in open court, by conducting the said plea and pronouncement of sentence in an ex parte manner without affording the State of Florida an opportunity to appear and be heard concerning the plea and sentence; by failing to have the said plea and sentence proceeding recorded stenographically or by mechanical means; by failing to require the presence of Mark Joseph Rumpke at said plea and sentence or to have his appearance waived in writing or on the record; all of which are in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TWELVE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twelfth count charge that WILEY G. CLAYTON, on or about the 7th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by causing Volusia County Judge Gayle Graziano to alter the judgement of and dismiss the criminal case of The State of Florida vs. Richard Harrington, Citation Number 90759-MN, in violation of the Rules of Practice and Procedure For Traffic Courts, the Rules of Criminal Procedure, and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, *824 [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT THIRTEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a thirteenth count charge that WILEY G. CLAYTON, on or about the 9th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by amending the judgment of the case of The State of Florida vs. Richard Harrington, Citation Number 42845-MR, in violation of the Rules of Practice and Procedure For Traffic Courts and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT FOURTEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a fourteenth count charge that WILEY G. CLAYTON, on or about the 15th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal cases of The State of Florida vs. Scott Gregory Zipperer, Citation Numbers 06390-MX and 06391-MX, by failing to conduct the plea and sentence proceedings of defendant Zipperer in open court, by conducting the said plea and pronouncement of sentence in an ex parte manner without affording the State of Florida an opportunity to appear and be heard concerning the plea and sentence; by failing to have the said plea and sentence proceeding recorded stenographically or by mechanical means; by accepting said plea and pronouncing sentence in said criminal case after the arrest of Scott Gregory Zipperer when the criminal cases had been assigned to County Judge Gayle Graziano and not assigned to defendant CLAYTON; by failing to require the presence of Scott Gregory Zipperer at said plea and sentence or to have his appearance waived in writing or on the record; all of which are in violation of County Administrative Orders of Volusia County, the Rules of Criminal Procedure, and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT FIFTEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a fifteenth count charge that WILEY G. CLAYTON, on or about the 15th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by disposing of and setting *825 aside a bond estreature in the criminal case of The State of Florida vs. Shelda Sparks Upchurch, Case Number CTC85-2084-C, in violation of the Rules of Criminal Procedure, the Code of Judicial Conduct, and Chapter 903, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT SIXTEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a sixteenth count charge that WILEY G. CLAYTON, on or about the 23rd day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by failing to cause to be affixed to the judgement of guilt the fingerprints of Willie James Mitchell, a criminal defendant, in the criminal case of The State of Florida vs. Willie James Mitchell, Case Number CTC 84-14100-C, in violation of Chapter 812, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT SEVENTEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a seventeenth count charge that WILEY G. CLAYTON, on or about the 24th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by releasing from custody a criminal defendant, Issac Morris, on his own recognizance in the criminal case of The State of Florida vs. Issac Morris, Case Number 85-1669-CJ-C, in violation of the Rules of Criminal Procedure, the Code of Judicial Conduct, and Chapter 903, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT EIGHTEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, to present and for a eighteenth count charge that WILEY G. CLAYTON, on or about the 24th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by releasing from custody a criminal defendant, Donald Allison, Jr., on his own recognizance in the criminal case of The State of Florida vs. Donald Allison, Jr., Case Numbers 85-1642-CJ-A, 85-1700-CJ-A, 85-1701-CJ-A, in violation of the Rules of Criminal Procedure, the Code of Judicial Conduct, and Chapter 903, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. *826 Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT NINETEEN
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a nineteenth count charge that WILEY G. CLAYTON, on or about the 24th day of May, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by releasing from custody a criminal defendant, Robert Howard Cole, Jr., on his own recognizance in the criminal case of The State of Florida vs. Robert Howard Cole, Jr., Case Number 85-1698-CJ-A, in violation of the Rules of Criminal Procedure, the Code of Judicial Conduct, and Chapter 903, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TWENTY
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twentieth count charge that WILEY G. CLAYTON, on or about the 5th day of June, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by dismissing a criminal charge of Criminal Mischief in the case of The State of Florida vs. Sylvia Yvette Sharpe also known as Paula Cross, Case Number CTC85-9331-C, in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TWENTY-ONE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twenty-first count charge that WILEY G. CLAYTON, on or about, during and between the 5th day of June, 1985, and the 27th day of June, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers in the criminal case The State of Florida vs. Sylvia Yvette Sharp also known as Paula Cross, Citation Number 77610-MU, by setting aside, correcting, modifying, or vacating the judgment of guilt in said criminal case in an ex parte manner without affording the State of Florida an opportunity to appear and be heard concerning said modification or vacation of judgment of guilt; by failing to conduct the proceeding in which the judgment of guilt was set aside or vacated in open court, by failing to have the proceeding in which defendant CLAYTON set aside or vacated the judgment of guilt recorded stenographically or by mechanical *827 means; all of which are in violation of the Rules of Practice and Procedure For Traffic Courts, the Rules of Criminal Procedure, and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNTY TWENTY-TWO
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twenty-second count charge that WILEY G. CLAYTON, on or about the 6th day of June, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by failing to cause to be affixed to the judgement of guilt the fingerprints of Stella Nadine Jones, a criminal defendant, in the criminal case of The State of Florida vs. Estella Nadine Jones, Case Number CTC85-8243-C, in violation of Chapter 812, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TWENTY-THREE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twenty-third count charge that WILEY G. CLAYTON, on or about the 25th day of June, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by failing to cause to be affixed to the judgement of guilt the fingerprints of Carolyn Renee Stanley, a criminal defendant, in the criminal case of The State of Florida vs. Carolyn Renee Stanley, Case Number CTC 85-8075-C, in violation of Chapter 812, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TWENTY-FOUR
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twenty-fourth count charge that WILEY G. CLAYTON, on or about the 27th day of June, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by failing to cause to be affixed to the judgement of guilt the fingerprints of Rhonda Renee Hudson, a criminal defendant, in the criminal case of The State of Florida vs. Rhonda Renee Hudson, Case Number CTC85-6164-C, in violation of Chapter 921, Florida Statutes, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by *828 Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

COUNT TWENTY-FIVE
The Grand Jurors of the State of Florida and County of Volusia, empaneled and sworn to inquire and true presentment make in and for the body of the County of Volusia, upon their oaths, do present and for a twenty-fifth count charge that WILEY G. CLAYTON, on or about the 15th day of July, 1985, in the County of Volusia and the State of Florida, did, as a public servant, a County Judge for the County of Volusia of the State of Florida, entrusted as a County Judge with definite powers to be exercised for the benefit of the community, willfully abuse or fraudulently exceed said powers by dismissing the criminal case of The State of Florida vs. John Robertson, Case Number CTC85-7744-C, in violation of the Rules of Criminal Procedure and the Code of Judicial Conduct, contrary to the common law of England, as enunciated in Latour v. Stone, [139 Fla. 681] 190 So. 704 (Fla. 1939), Sullivan v. Leatherman, 48 So.2d 836 (Fla. 1950), and State v. Egan, 287 So.2d 1 (Fla. 1973), as adopted by Section 775.01, Florida Statutes, and punishable as provided in Section 775.02, Florida Statutes.

NOTES
[1] The petition named as respondents, in addition to Judge Willis, the Honorable Ed Austin and the Honorable Stephen Boyles, as State Attorneys for their respective circuits, and the Spring Term Grand Jury of Volusia County, Florida. Austin was appointed by Governor Robert Graham to investigate and prosecute this case. We consider Judge Willis the only proper respondent, and ordered a response only from him. We judicially note that Judge Willis was replaced as acting circuit judge in this case by the Honorable B.J. Driver subsequent to the filing of the petition for prohibition.
[2] A copy of counts three through twenty-five of the indictment is annexed as an appendix to this opinion.